UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. SMITH,<br><br>   Plaintiff,<br><br>  v.<br><br>S. RICHARDSON, et al.,<br><br>   Defendants. | No. 2:19-cv-1605 TLN AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state tort law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

   II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that defendants Richardson, De Jesus, California Department of Corrections and Rehabilitation (CDCR), and Does 1-20 violated plaintiff's rights under the Eighth Amendment and state tort law. ECF No. 1. Specifically, plaintiff alleges that on January 29, 2019, he initiated the appeals process with regard to an administrative designation that was added to his file and that he sought to have removed. Id. at 5. The designation indicated that he was violent, led to a hold on his security level, and adversely affected his conditions of confinement Id. at 5, 10. However, plaintiff's numerous attempts to proceed through the administrative appeals process to have the designation removed were cancelled or rejected by various non-defendants or unidentified individuals. Id. at 5-9. As a result, plaintiff suffered a "psychiatric break down leading to suicidal thoughts, emotional and psychological stress and severe depression." Id. at 11.

### IV. Failure to State a Claim

#### A. California Department of Corrections and Rehabilitation

Plaintiff's claims against the CDCR are barred by sovereign immunity because the CDCR is an arm of the state. See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))).

### B. Personal Involvement

The complaint fails to identify the actions of any named or Doe defendants, and instead details the actions of numerous non-defendants and unidentified individuals in processing his appeal. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980), and plaintiff has not alleged any facts showing the necessary personal involvement by any individual defendant.

### C. Eighth Amendment Claims

To the extent plaintiff is attempting to state an Eighth Amendment claim against the defendants based solely on their cancellation or rejection of his appeals, the allegations are insufficient to state a claim for relief. As the Seventh Circuit has observed, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).

In order to state a claim based on the cancellation or rejection of plaintiff's appeals, he must allege facts showing that the appeals would have alerted defendants to a violation of his constitutional rights that was still in progress and that they had the ability to intervene and did not. Plaintiff's current, general allegations that defendants were deliberately indifferent to his conditions of confinement by interfering with the appeals process are insufficient to show that any defendant was on notice of an ongoing constitutional violation. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted) (vague and conclusory allegations insufficient). There are no facts regarding plaintiff's conditions of confinement such that the court could determine they violated the Eighth Amendment, see Whitley v. Albers, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (alteration in original) (citation and internal quotation marks omitted)), nor has plaintiff alleged facts showing

////

how defendants were involved in processing his grievances or what information was contained in his appeals.

### D. State Tort Claims

With respect to plaintiff's state law claims for professional negligence and battery, he has failed to state a claim for relief because he has not alleged compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint).

### E. Doe Defendants

Although plaintiff has named Does 1-20 as defendants, he does not identify any action taken by any Doe defendants. Furthermore, the use of Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), though amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). If plaintiff chooses to amend the complaint in which he continues to identify Doe defendants, he must explain what each Doe defendant did and identify each Doe defendant separately (i.e., Doe 1, Doe 2, etc). If plaintiff successfully states a claim for relief and the defendants remain unidentified, the court will be unable to order service due to the impossibility of serving an unknown individual. Plaintiff should therefore seek to identify the Doe defendants as soon as possible.

## V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,

268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. You must explain what each defendant did that you believe violated your rights.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 4, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE