UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. RICHARDSON, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-1605 TLN AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  By order filed May 5, 2021, the undersigned screened the original complaint and found that it did not state a claim for relief.  ECF No. 8.  Plaintiff has now filed a first amended complaint.  ECF No. 11.

　　I.　　Statutory Screening of Prisoner Complaints

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

　　　　A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
2  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
3  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
4  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a
5  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
6  Franklin, 745 F.2d at 1227-28 (citations omitted).
7        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
8  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
9  what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
10 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
11 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
12 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
13 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure
14 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
15 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
16 speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain
17 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
18 cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
19 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).
20       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
21 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
22 Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
23 content that allows the court to draw the reasonable inference that the defendant is liable for the
24 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
25 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
26 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
27 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
28 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     First Amended Complaint

The complaint alleges that defendants Richardson and De Jesus violated plaintiff's rights under the Eighth and Fourteenth Amendments by denying him the ability to use the appeals process. ECF No. 11 at 3-4. As a result, he was not able to challenge the designation that he was violent, which affected his security level and conditions of confinement. Id.

III.    Failure to State a Claim

Plaintiff was previously advised that his allegations that defendants violated his Eighth Amendment rights based solely on their cancellation or rejection of his appeals were insufficient to state a claim for relief. ECF No. 8 at 4. He was further advised that in order to state a claim based on the cancellation or rejection of his appeals, he must allege facts showing that the appeals would have alerted defendants to a violation of his constitutional rights that was still in progress and that they had the ability to intervene and did not. Id. Yet as with the original complaint, the first amended complaint makes only general allegations that defendants were deliberately indifferent to plaintiff's conditions of confinement by interfering with the appeals process. These allegations remain insufficient to show that either defendant was on notice of an ongoing constitutional violation. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted) (vague and conclusory allegations insufficient). There are no specific facts regarding plaintiff's conditions of confinement such that the court could determine they violated the Eighth Amendment, see Whitley v. Albers, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (alteration in original) (citation and internal quotation marks omitted)), nor has plaintiff alleged facts showing how defendants were involved in processing his grievances or what information was contained in his appeals.

To the extent plaintiff now attempts to allege a due process violation related to the processing of his grievances, he has no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

IV.   No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. However, despite the instruction provided, the amended complaint contains no additional facts, and it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

V.   Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because there is no due process right to have your appeals processed and you have not provided any facts that would show defendants were aware of a danger to your health or safety and ignored the risk.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2021

/s/ Allison Claire<br>
ALLISON CLAIRE<br>
UNITED STATES MAGISTRATE JUDGE